UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO VICTORIA VALOY,<br><br>            Plaintiff<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | CIVIL ACTION NO. 1:24-cv-00221<br><br>(MEHALCHICK, J.) |

**MEMORANDUM**

Plaintiff Orlando Victoria Valoy ("Valoy") brought this action against the United States of America to recover damages under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671, *et. seq.*, for injuries he sustained while incarcerated at the United States Penitentiary, in Lewisburg, Pennsylvania ("USP-Lewisburg"). (Doc. 1). He subsequently filed a supplemental complaint. (Doc. 7). Presently before the Court is the United States' motion to dismiss. (Doc. 23). For the reasons that follow, the Court will grant the motion and dismiss this action for lack of jurisdiction.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Valoy alleges that on November 18, 2022, he was on duty as an inmate worker in the kitchen department at USP-Lewisburg. (Doc. 7, at 4). During his shift, Valoy was pushing a food cart down a hallway and came to an abrupt stop when a correctional officer walked in front of him. (Doc. 7, at 4). Because of this sudden stop, an inmate pushing a food cart behind Valoy ran over his right foot with the cart. (Doc. 7, at 4). As a result, Valoy alleges that he sustained injuries to his foot. (Doc. 7, at 4). Valoy was immediately treated by a nurse, but the nurse allegedly failed to provide him with crutches, a wheelchair, or walking boot. (Doc.

7, at 4). Three days later, on November 21, 2022, Valoy underwent his first set of x-rays, which revealed a fracture and soft tissue swelling in his right foot. (Doc. 7, at 4). The medical department gave Valoy a walking boot, crutches, and a lower bunk pass. (Doc. 7, at 4). However, Valoy alleges that his counselor refused to honor his lower bunk pass. (Doc. 7, at 4). In January of 2023, Valoy underwent a second set of x-rays, which revealed "a bony bridging and healed fracture" of the right foot. (Doc. 7, at 4). Valoy alleges that he continues to fall and re-injure his right foot. (Doc. 7, at 4). He seeks compensation of $200,000.00 for pain and suffering. (Doc. 7, at 5).

In support of its motion to dismiss, the United States has submitted the declarations of Bret Moyer, Safety Administrator at USP-Lewisburg, and Jason Swartz, Assistant Food Service Administrator at USP-Lewisburg, and supporting exhibits. (Doc. 24-2, Declaration of Bret Moyer ("Moyer Decl."); Doc. 24-3; Doc. 24-4, Declaration of Jason Swartz ("Swartz Decl."); Doc. 24-5). These documents reveal the following. Valoy was assigned to Food Service at the time relevant to his complaint—from October 2022 to April 2023. (Doc. 24-4, at 1, ¶ 4, Swartz Decl.). Inmate Food Service workers are responsible for cooking, cleaning, sanitation, and transporting food trays via carts to the housing units. (Doc. 24-4, at 1, ¶ 6, Swartz Decl.). The trays are then distributed to the inmates by Correctional Services staff. (Doc. 24-4, at 1, ¶ 6, Swartz Decl.). The injury report for the instant incident confirms that Valoy was pushing a food cart through the dining hall on November 18, 2022, when he came to an abrupt stop and the inmate pushing a food cart behind Valoy ran over his right foot. (Doc. 24-2, at 1, ¶ 4, Moyer Decl.; Doc. 24-3). Valoy required minor first aid. (Doc. 24-2, at 1, ¶ 4, Moyer Decl.). An investigation revealed that Valoy was in a blind spot and the other inmate was unable to see him. (Doc. 24-2, at 1, ¶ 5, Moyer Decl.; Doc. 24-3). The injury was

determined to be work-related. (Doc. 24-2, at 1, ¶ 5, Moyer Decl.). Valoy was eventually removed from the Food Service work detail to avoid further injury. (Doc. 24-2, at 1, ¶ 5, Moyer Decl.).

The United States argues that it is undisputed that Valoy was injured during work activity in connection with the maintenance or operation of the institution, within the meaning of the Inmate Accident Compensation Act ("IACA"), 18 U.S.C. § 4126(c)(4). (Doc. 24). Thus, the United States asserts that Valoy's work-related injury claim falls within the IACA and outside the jurisdiction of the FTCA. (Doc. 24).

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss an action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a facial challenge under Rule 12(b)(1), the standards associated with Rule 12(b)(6) are applicable. *See Gould Elecs. Inc.*, 220 F.3d at 179. In this regard, the Court must accept all factual allegations in the complaint as true, and the Court may consider only the complaint and documents referenced in or attached to the complaint. In a factual challenge to the Court's subject matter jurisdiction, the Court's analysis is not limited to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Instead, the Court may consider evidence outside the pleadings, including affidavits, depositions, and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997).

Once the Court's subject matter jurisdiction over a complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891. If a dispute of material fact exists, "the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 290 (3d Cir. 2006); *see also Berardi v. Swanson Mem'l Lodge No. 48*, 920 F.2d 198, 200 (3d Cir. 1990) (stating that a district court must ensure that a plaintiff has "had an opportunity to present facts by affidavit or by deposition, or in an evidentiary hearing," to support his claim of jurisdiction (citation omitted)).

### III.   DISCUSSION

Valoy's FTCA claim is based upon injuries he allegedly sustained on November 18, 2022, while working as a food service worker at USP-Lewisburg. Under the IACA, 18 U.S.C. § 4126(c)(4), Federal Prison Industries is authorized to employ its fund to pay "compensation to inmates…for injuries suffered in any industry or in any work activity in connection with the maintenance or operation of the institution in which the inmates are confined." The procedures governing "the payment of accident compensation [under § 4126], necessitated as the result of work-related injuries, to federal prison inmates" are contained in the regulations at 28 C.F.R. Part 301. 28 C.F.R. § 301.101.

The Supreme Court of the United States has held that the IACA is the *exclusive* remedy for inmates seeking compensation for injuries sustained during penal employment, and thus inmates cannot bring an FTCA claim seeking damages. *United States v. Demko*, 385 U.S. 149, 151-54 (1966) (emphasis added); *see Cooleen v. Lamanna*, 248 F. App'x 357, 362 (3d Cir. 2007) (nonprecedential). This holding is explicitly incorporated into the regulations governing

IACA claims, which state that inmates "subject to the provisions of these…regulations are barred from recovery under the Federal Tort Claims Act." 28 C.F.R. § 301.319.

Here, Valoy alleges that his injuries occurred while he was "on duty as an inmate worker in the Kitchen Department section of U.S.P. Lewisburg." (Doc. 7, at 4). Based on Valoy's own allegations, he was injured while pushing a food cart during his work shift. Valoy's claim is not legally cognizable under the FTCA because it arose during his penal employment at USP-Lewisburg and, thus, is exclusively covered by the IACA. *See Demko*, 385 U.S. at 152 (holding that federal prisoners are precluded from asserting FTCA claims for such work-related injuries since they have "already been protected by 18 U.S.C. § 4126"); *Hampton v. Jones*, No. 21-2880, 2022 WL 4820355, at *2 (3d Cir. Oct. 3, 2022) (unpublished) (affirming district court's dismissal of plaintiff-prisoner's FTCA claims because those claims arose in the context of his workplace employment at the United States penitentiary in Lewisburg, Pennsylvania and, thus, were "precluded by the IACA"). Accordingly, the Court will dismiss Valoy's complaint and supplement.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant the United States' motion (Doc. 23) and dismiss this action for lack of jurisdiction. An appropriate Order follows.

Dated: September 6, 2024                                      *s/ Karoline Mehalchick*
                                                              **KAROLINE MEHALCHICK**
                                                              **United States District Judge**